United States District Court
Southern District of Texas
**ENTERED**
December 06, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DORIS PENNINGTON, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:15-2216 |
| | § | |
| ATHENS HOTEL, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This age discrimination case is before the Court on Defendant Rainbow Inn, Inc. d/b/a Athens Hotel and Suites' ("Athens" or "Defendant") Memorandum in Support of its Motion for Complete Summary Judgment (the "Motion") [Doc. # 32]. Plaintiff Doris Pennington ("Pennington" or "Plaintiff") filed a Response [Doc. # 34], and Athens filed a Reply [Doc. # 35].[1]  Pennington proceeds *pro se* and *in forma pauperis*. The Motion is now ripe for determination. Having carefully considered the parties' briefing, all matters of record, and the applicable legal authorities, the Court **grants** the Motion.

---

[1] Plaintiff's Response was docketed as a "Memorandum in Support of [Plaintiff's] Motion for Complete Summary Judgment." However, the deadline to file all dispositive and non-dispositive motions was October 15, 2016 [Doc. # 24]. The Court construes Plaintiff's filing as a response to Defendant's Motion. Defendant moved to strike Plaintiff's Response as untimely, but styled its filing as, in the alternative, either a response to Plaintiff's motion for summary judgment or a reply to Plaintiff's response. The Court deems it a reply.

I. **FACTUAL BACKGROUND**

Plaintiff, who is over the age of 65, was employed by Athens, a hotel, as a housekeeper for hotel guest rooms from January 2015 until May 2015. Plaintiff alleges that Athens discriminated against her by refusing to promote her[2] and, ultimately, by summarily terminating her employment in May 2015.[3] Plaintiff filed a charge of discrimination (the "Charge") with the United States Equal Employment Opportunity Commission ("EEOC") on May 19, 2015, stating that Athens discriminated against her, on the basis of her age, in violation of the ADEA.[4]

Plaintiff maintains in her filings and other materials submitted on record that, during the period of her employment, Athens employed less than twenty individuals. For example, Pennington's Charge states that Athens employs "under 15" employees.[5] In her Response [Doc. # 34], Plaintiff alleges that "defendant had

---

[2] *See* Plaintiff's Response [Doc. # 34], at 3. Plaintiff's Response does not bear page numbers or ECF stamps. The Court refers to the actual page of the filing.

[3] Original Complaint [Doc. # 1] ("Complaint"), at 3 ¶ 13.

[4] *See* EEOC Charge of Discrimination, Exh. A to Original Complaint [Doc. # 1] ("Charge"), at ECF 5 ("I believe I have been discriminated against based on my age, 64, in violation of the Age Discrimination in Employment Act of 1967, as amended.")

[5] Charge [Doc. # 1], at ECF 5.

a total of fifteen employees working during Ma[r]ch and April of 2015."[6] Pennington includes her own declaration in support of the Response in which she states under penalty of perjury of law that "[d]uring the time I were employed with Athens hotel from January 30 to May 2 2015, a total of 15 employees … ."[7] Plaintiff's responses to Defendant's requests for admissions and to Defendant's interrogatories likewise state that Athens employed fifteen employees during the period Pennington worked as a housekeeper.[8]

Plaintiff asserts claims under the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621 *et seq.*[9]  After adequate time for discovery,[10] Defendant filed the instant Motion [Doc. # 32], which now is ripe for decision.

---

[6]   Plaintiff's Response [Doc. # 34], at 3.

[7]   Declaration of Doris Pennington ("Pennington Decl."), Plaintiff's Response [Doc. # 34], at 8.

[8]   For example, Pennington states: "my employment were [sic] from 1-31-15 until 5-1-15, total of 15 employees," Request for Admissions, Exh. B to Motion [Doc. # 32-2] (response to Request No. 3); "the employees … total[ed] 15," *Id.* (response to Request No. 4); "there were 15 employees for the month[s] of March and April," Interrogatories, Exh. D to Motion [Doc. # 32-4] (response to Request No. 3).

[9]   The Court notes that Pennington's Complaint [Doc. # 1] makes a passing reference to Title VII by citing that statute in claiming that Defendant allegedly engaged in unlawful employment practices "in violation of Section 703(a)(1) of ADEA, 42 U,S,C, [sic] Section 2000e 2(a)(1) …. ." Complaint [Doc. # 1], at 2 ¶ 7.

The Court discerns no statements by Plaintiff in this litigation that suggest she believes she was discriminated against on the basis of her race, color, religion, sex,

(continued…)

## II.     SUMMARY JUDGMENT LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any

---

(continued…)

or national origin, at least one of which theories is necessary for a Title VII claim. Rather, Plaintiff's filings are rife with references to the ADEA and make clear that she has brought her case and the related EEOC Charge under that statute. *See, e.g.*, Complaint [Doc. # 1], at 1 ¶ 1 ("This Court has jurisdiction over the causes of action alleged by Plaintiff pursuant to [A]ge Discrimination in Employee [A]ct ('ADEA')"); Response [Doc. # 35], at 3 ("[T]his complaint for violations of Age Discrimination Employment Act of 1967, 290, U.S.C. [ ] ('ADEA') … .") To the extent Plaintiff intended, by her single passing reference, to assert a Title VII claim under 42 USC § 2000 *et seq.*, her pleadings and other submissions fail to do so. "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Pennington's lack of factual allegations and the absence of any argument on a Title VII theory result in her abandonment of any such claim. "[E]ven *pro se* litigants must comply with the Federal Rules of Civil Procedure and present proper summary judgment evidence." *Rolen v. City of Brownfield*, 182 F. App'x 362, 365 (5th Cir. May 30, 2006).

10   Plaintiff was on notice regarding Defendant's defenses. The Court construed Defendant's Answer to the Complaint [Doc. # 12], which requested dismissal of the case, as a motion to dismiss, *see* Order [Doc. # 19], at 1 n.1, and Plaintiff's docketed "Motion for Continuance" [Doc. # 16] as a response. *Id.* at 1 n.2. The Court denied Defendant's motion to dismiss without prejudice [Doc. # 19].

4

affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a); *see Celotex*, 477 U.S. at 322-23; *Curtis*, 710 F.3d at 594.

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Chambers v. Sears, Roebuck and Co.*, 428 F. App'x 400, 407 (5th Cir. June 15, 2011). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012) (citation and internal quotation marks omitted). In the absence of any proof, the Court will not assume

that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Pleadings filed by *pro se* litigants are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Pena v. United States*, 122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dep't*, 86 F.3d 469, 473 & n. 16 (5th Cir. 1996)). However, "even *pro se* litigants must comply with the Federal Rules of Civil Procedure and present proper summary judgment evidence." *Rolen v. City of Brownfield*, 182 F. App'x 362, 365 (5th Cir. May 30, 2006).

## III.  DISCUSSION

Athens argues that it is not subject to the ADEA because it employed fewer than twenty employees in each of the twenty weeks prior to the alleged discriminatory incident, namely, Pennington's termination, and thus Athens is not an "employer" as defined by that statute.[11]  The Court agrees.

---

[11]    Athens moves for summary judgment under Federal Rule of Civil Procedure 56(c), contending that the question of whether Athens is an "employer" under the ADEA goes to both the substantive adequacy of Plaintiff's claim and the Court's jurisdiction. *See* Motion [Doc. # 32], at ECF 5-6. The Court disagrees with respect to its jurisdiction, which stems from 28 U.S.C. § 1331, the grant of "federal question" jurisdiction.

The numerosity requirement in anti-discrimination statutes is not jurisdictional. The Supreme Court held that the employee-numerosity requirement of Title VII is an element of a plaintiff's claim for relief and not a jurisdictional limitation. "[W]hen Congress does not rank a statutory limitation on coverage as

(continued…)

The ADEA prohibits an "employer" from discriminating against individuals on the basis of their age.[12] 29 U.S.C. § 623(a). The ADEA defines an "employer," in relevant part, as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year … ." *Id.* at § 630(b). "[A]n entity must employ twenty or more employees to satisfy the ADEA

---

(continued…)
jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006). The Fifth Circuit extended that reasoning to the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq. See Minard v. ITC Deltacom Commc'ns, Inc.*, 447 F.3d 352, 353 (5th Cir. 2006) (the FMLA's definition of "eligible employer" is an essential element of a claim, not a jurisdictional bar (citing *Arbaugh*, 546 U.S. at 516)). This Court concludes this reasoning applies here. Absent a Congressional declaration to the contrary, the ADEA employee-numerosity requirement is a substantive element of an ADEA claim, and a prerequisite to its application; it is not a jurisdictional limitation.

12   The Act provides that:

> It shall be unlawful for an employer—
>
> (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;
>
> (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or
>
> (3) to reduce the wage rate of any employee in order to comply with this chapter.

29 U.S.C. § 623(a).

definition of employer." *Coleman v. New Orleans and Baton Rouge S.S. Pilots' Ass'n*, 437 F.3d 471 (5th Cir. 2006). Plaintiff has the burden to show the ADEA applies to Athens. *See Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009).

Plaintiff has produced insufficient evidence to support her assertions that the ADEA applies to Defendant Athens. As an initial matter, Plaintiff's conclusory statements regarding the number of Defendant's employees[13] are not admissible, as the statements are based on speculation. *Delta & Pine Land Co.*, 530 F.3d at 399; *see also Meadaa v. K.A.P. Enters., L.L.C.*, 756 F.3d 875 (5th Cir. 2015) ("[A]n affidavit 'used to support or oppose a motion' for summary judgment 'must be made on personal knowledge.'" (quoting Fed. R. Civ. P. 56(c)(4))). Even accepting Plaintiff's assertions as true, Defendant's employment of fifteen employees for the four month period of Plaintiff's tenure with Defendant does not satisfy the ADEA's definition of an "employer." Defendant correctly points to Plaintiff's statements in support of its position that it is not subject to the ADEA.[14]

---

[13]   *See supra* Section I, notes 5-8 and accompanying text.

[14]   Whereas the ADEA defines an employer as having twenty or more employees, *see supra* pages 7-8, Title VII does not apply unless the defendant employs fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. 42 U.S.C. § 2000e(b). Plaintiff attests there were fifteen employees at Athens when she worked there. *See* Charge [Doc. # 1], at ECF 5; Plaintiff's Response [Doc. # 34], at 3; Pennington Decl. [Doc. # 34], at 8. It is unclear whether she means fifteen employees in total for the period she worked at Athens or a total of fifteen employees each day. In any event, even if Plaintiff had alleged a viable claim under Title VII, which she did
(continued…)

Defendant also submits the sworn declaration of Athens' owner, John Frangias, in which Frangias avers that Athens employed fewer than fifteen employees between August 1, 2014 and June 30, 2016.[15]  Plaintiff thus fails to raise a genuine issue of material fact that Defendant is subject to the ADEA.  She cannot prove an element of her claims under that statute and the claims must be dismissed.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff fails to show that Athens is subject to the ADEA and her claims must be dismissed.  It is therefore

**ORDERED** that Defendant's Motion for Complete Summary Judgement [Doc. # 32] is **GRANTED**.

 A separate final judgment will be entered.

SIGNED at Houston, Texas, this 6th day of **December, 2016**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

---

(continued…)
not, her averments are insufficient to qualify Defendant as an employee under Title VII.  Plaintiff was not employed by Athens for twenty weeks, and does not state that Athens employed fifteen people in each of the twenty weeks prior to her employment's termination.

[15]   *See* Declaration of John Frangias, Exh. C. to Motion [Doc. # 32-3].